# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **MIDCAP MEDIA FINANCE, LLC** | § | |
| | § | |
| **V.** | § | **1-15-CV-00060 AWA** |
| | § | |
| **PATHWAY DATA, INC., et al.** | § | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion for Good Cause to Certify Judgment Notwithstanding Appeal and Brief in Support (Dkt. No. 107); and Pathway's Response (Dkt. No. 108). This case is pending before the undersigned for all purposes based on the consent of all parties.

In brief, the undersigned entered a money judgment in favor of MidCap Media Finance LLP against Pathway Data, Inc. after a bench trial of this case. Dkt. No. 95. The Court later awarded MidCap attorney's fees as well. Dkt. No. 105. Pathway filed a notice of appeal from the judgment (Dkt Nos. 100, 101), and MidCap filed notice of a cross appeal. Dkt. No. 103. The case remains pending before the Fifth Circuit, which on April 23, 2019, notified the parties that it would decide the case on the briefs, without oral argument. Pathway has not attempted to supercede the judgment pending the appeal, nor has it made any payments toward the judgment.

In the present motion MidCap makes a request pursuant to 28 U.S.C. § 1963 for the Court to certify the judgment in this case so that it may register the judgment in Nevada and California, where it believes Pathway has assets that might satisfy the judgment. Pursuant to the relevant statute, no leave of court is required to register a judgment that "has become final by appeal or expiration of the time for appeal." 28 U.S.C. § 1963. When this is not the case, a party may register a judgment only if "ordered by the court that entered the judgment for good cause shown." *Id.* Arguing that good cause exists here, MidCap asks that it be permitted to register the judgment from this case in California and Nevada, as well as "any other applicable jurisdiction." Dkt. No, 107 at

3. MidCap contends there is good cause based on the Court's findings that the owner and CEO of Pathway provided testimony at trial that was lacking in credibility, and because Pathway has no assets in Texas, and appears to have assets in both California and Nevada. Pathway objects to the characterization of Coulter's testimony, and contends that as far as Nevada is concerned, MidCap has failed to demonstrate that there is good cause to certify the judgment.

The purpose of allowing the registration of a judgment in a jurisdiction other than the one in which the judgment was rendered is to allow a judgment creditor to secure payment of the judgment from out-of-state assets when the debtor does not have sufficient assets in the trial jurisdiction, and to protect against a debtor that has not posted a supersedeas bond using the time during which the appeal is pending to dispose of assets that might be able to satisfy the judgment. *See. e.g., Fisher Scientific Internat'l Inc. v. Modrovish*, 2006 WL 1126729 at *1 (S.D. Tex. Jan. 17, 2006). Regardless of whether Coulter is viewed as trustworthy, MidCap's evidence is sufficient to demonstrate good cause. It takes very little to make this showing. In *Fisher* the judgment creditor relied on statements of the debtor's counsel at a hearing to show that the debtor did not have property in Texas, and the results of asset searches to demonstrate a likelihood that he had assets in California. *Id.* In another case, the only evidence of the presence of assets in the foreign jurisdiction was that fact that the debtor had its principal place of business there. *Cianbro Corp. v. George H. Dean, Inc.*, 749 F. Supp. 2d 1, 3 (D. Maine 2010).

Here, MidCap's evidence consists of the existence of a number of UCC financing statements and liens for unpaid taxes filed against Pathway in both Nevada and California. One of the documents in Nevada was filed by the DB7C-2002 Trust as the secured party and Consumer Direct (Pathway's d/b/a name) as the debtor. Dkt. No. 107-2 at 47. The UCC-1 was filed July 16, 2018, only one week after the Court entered its judgment in this case. As noted in the Memorandum Opinion here, Coulter is the sole trustee and a beneficiary of the DB76-2002 Trust. Dkt. No. 93 at

8.  It is fair to assume that the Trust—which is completely controlled by Coulter—would not have filed a UCC-1 securing payment of a debt owed to the Trust by Pathway—another entity Coulter completely controls—unless Pathway owned assets in Nevada.  That is certainly sufficient evidence to support a showing of good cause.  Further, Pathway does not contest MidCap's claims that Pathway does not own property in Texas, but likely does have assets in California.  MidCap has demonstrated good cause under § 1963.

Accordingly, Plaintiff's Motion for Good Cause to Certify Judgment Notwithstanding Appeal and Brief in Support (Dkt. No. 107) is **GRANTED**.  It is **ORDERED** that the Clerk of Court certify the Final Judgment entered by the Court on July 9, 2018.  It is further **ORDERED** that MidCap may register the certified Judgment in the United States District Court of the Central District of California, and the United States District Court for the District of Nevada.[1]

SIGNED this 7th day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1]As noted earlier, MidCap also requested that it be permitted to register the judgment in "any other applicable jurisdiction."  Because it has not offered any evidence of good cause for any jurisdiction other than those addressed in this order, the Court cannot certify the judgment so broadly.  Should MidCap gather evidence of Pathway assets in other jurisdictions, in can return to the Court at that time for an additional certification order.