# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MIDCAP MEDIA FINANCE, LLC** | § | |
| | § | |
| **V.** | § | 1:15-cv-0060 AWA |
| | § | |
| **PATHWAY DATA, INC., et al.** | § | |

## ORDER

Before the Court are Pathway Data, Inc's Motion to Expand Jurisdictional Discovery (Dkt. No. 126), MidCap Media Finance, LLC's Opposition (Dkt. No. 128), Pathway's Reply (Dkt. No. 129), and Pathway's Unopposed Motion to Seal its Motion to Expand Jurisdictional Discovery (Dkt. No. 127). For the reasons set forth below, the Court **GRANTS** the Motion to Seal, and **DENIES** Pathway's Motion to Expand Jurisdictional Discovery.

On October 3, 2019, the Court held a discovery hearing for this case. Consistent with the rulings stated on the record at the hearing, the Court issued an Order granting further, limited jurisdictional discovery. Dkt. No. 125. Specifically, the Court ordered MidCap to produce the document(s) creating the Las Lomas Trust and to produce Jeff Black for a limited deposition at a date agreed upon by the parties. *Id.* The Court reached this determination because, as discussed during the hearing: (1) the significant document discovery already produced demonstrates that every entity in MidCap Media's chain of ownership ultimately derives back to Jeff and Joe Black, and (2) the evidence is undisputed that they are citizens of Texas and Georgia, respectively.

The only entity in the ownership line at a time near the date this lawsuit was filed (January 23, 2015) for which this is not the case is the Las Lomas Trust. That trust was a member of MidCap Credit & Capital, LLC, which at the time suit was filed was a member of the Plaintiff in this case. The records MidCap produced to Pathway on October 2, 2019, indicate that in a transaction that was

effective "as of" January 1, 2014, the Las Lomas Trust ceased being a member of MidCap Credit & Capital. Focusing on the "as of" nature of the documents, Pathway stated it should be allowed to investigate what the actual closing date of the redemption of the Trust's membership was, to determine whether that closing took place *after* suit was filed.[1] Thus, the Court permitted Pathway to conduct discovery regarding the provenance of the agreement in which the Las Lomas Trust redeemed it membership in MidCap Credit & Capital. As MidCap notes in its opposition to the present motion, in compliance with the Court's directive, it has produced:

- two notarized, sworn affidavits, dated April 21, 2014, each stating that Jeff Black had been removed as Investment Trustee of the Trust;

- a document titled "Agreement for Redemption of Membership Interest" further documenting the redemption of the Trust's ownership interest, and calling for that to happen on or before August 1, 2014; and

- an official wire transfer report dated August 1, 2014, evidencing the payment from MidCap to the Trust on that date labeled "Redemption LLT's Member Interests."

Dkt. No. 128 at 6. Although MidCap has made Jeff Black available for deposition, and has attempted to coordinate a date for that to happen, Pathway has not taken any steps toward taking his deposition. *Id.*

Instead of taking the permitted deposition, Pathway has moved to further expand the discovery into MidCap's citizenship. Dkt. No. 126. It asserts the research of its private investigator and the fact MidCap redacted from one of the trust documents the names of an attorney and of a beneficiary of the Las Lomas Trust, supports allowing it broader discovery. *Id.* at 1-2. However,

---

[1] Demonstrating the convoluted—and desperate—nature of Pathway's approach to discovery, even proving that the Trust was in the chain of ownership of MidCap at the time of suit would not change the outcome of the diversity determination. Pathway has not produced any evidence that the Trust was a citizen of either California or Nevada, such that its inclusion in the diversity analysis would destroy diversity.

2

Pathway fails to point to any factual or legal basis for its request. The findings of the investigator present no legitimate basis for the additional discovery, as they fail in any way to suggest there is a doubt regarding who the members of MidCap Media, LLC were on the date suit was filed. Further, the redaction of names from the Redemption Agreement is irrelevant to the question of whether that redemption did in fact take place prior to January 23, 2015. Dkt. No. 128 at 9-13. MidCap has produced concrete evidence satisfying Pathway's previous requests, and Pathway has failed to present evidence that there is any basis to permit the additional discovery it seeks. *Id.* Indeed, as already noted, Pathway has failed to take the deposition of Jeff Black, and thus it has not even exhausted the discovery granted by this Court in its previous Order, something it neglects to address in its motion.

Notably, Pathway's Motion and Reply contain several misstatements, and they attempt to create a dispute where none exists. For example, Pathway characterizes MidCap's production efforts as having "trickled out selective information over six months," when in reality MidCap has been prompt and responsive throughout Pathway's drawn out and overly broad campaign for discovery. Dkt. No. 129 at ¶ 3; *see* Dkt. No. 128 at 2-7. The argument that MidCap "has not produced any documents showing when Las Lomas Trust was *actually* removed from the chain of ownership" is likewise insincere, given the fact MidCap produced two affidavits, a Redemption Agreement, and a corresponding wire transfer all demonstrating the removal. Dkt. No. 126 at ¶ 8. Pathway repeatedly stresses that "[t]he Fifth Circuit made clear that by 'members' it means every member," however this is not an issue in dispute—at no point has MidCap argued anything contrary. Dkt. No. 129 at ¶ 2. The contradictions within Pathway's briefs are numerous. For example, Pathway first complains that "MidCap's excuse that any information it 'omitted' in its public filings was disclosed

3

in its 'corporate records' misses the point," however, just pages later Pathway attempts to argue that additional discovery is necessary because "there is a pattern of telling the state government one thing and this Court another." Dkt. No. 129 at n. 2, ¶ 9.

Further, Pathway's reliance on perceived discrepancies between MidCap's public filings and internal records as justification for additional discovery is misguided. A manager-managed LLC is only required to list its *managers* on the Texas Franchise Tax Public Information Report, not its complete entity structure, nor any of its members. Dkt. No. 128-10 at 13 (instructing that the sections should be completed "as applicable for the entity for which this report is filed" and that "limited liability companies must list all managers, and, if the company is member-managed, list all members"). That MidCap complied with the state law reporting requirements, which do not require full disclosure, is not suspicious nor a valid reason to question the credibility of MidCap's representations and reliability of its documents. *See Edmondson v. Cedar Park Health Sys., L.P.*, 2018 WL 4677897, at *3 (W.D. Tex. June 8, 2018) (rejecting the argument that additional jurisdictional discovery was necessary based on discrepancies between an entity's Texas Franchise Tax Public Information Report and an affidavit by the CEO discussing the entity's structure).

In sum, Pathway fails to provide any non-frivolous basis for seeking additional discovery. Pathway continually asserts it needs discovery to "test the veracity of MidCap's story" however articulates no legitimate basis to doubt MidCap's representations. Dkt. No. 129 at ¶ 10. Pathway's argument that it should not have to "simply take Mr. Black's word for the citizenship allegations,"[2] ignores the fact that MidCap has produced plenty of evidence beyond just Mr. Black's

---

[2] Further, in determining whether jurisdiction exists, "courts routinely rely on declarations as competent evidence, even where controverted." *Edmondson*, 2018 WL 4677897 at *3.

word—including, for example, two notarized and sworn affidavits of non-parties, externally created documentation of a wire transfer by Wells Fargo, copies of driver's licenses, and 118 pages of corporate documents. Dkt. No. 126 at ¶ 5. Pathway suggests that documents may have been created later "as part of trying to clean up a paper trail supporting jurisdiction" but raises no evidence to support this claim, and articulates no legitimate question of authenticity. *Id.* at ¶ 4. Mere speculation is not sufficient to support a request for further discovery. *See Catalyst Medium Four, Inc. v. CardShark, LLC,* 2015 WL 1412591, at *8 (W.D. Tex. Mar. 26, 2015) (a party's "request for jurisdictional discovery in the hopes it might, with any luck, reveal jurisdiction is a textbook fishing expedition"); *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 566 (N.D. Tex. June 8, 2006) (additional jurisdictional discovery requests are properly denied when the requesting party "when the party requesting such discovery can only suggest or speculate that the requested discovery will shed light on or resolved the issues pertaining to diversity of citizenship"); *see also Breakthrough Mgmt. Grp. v. Chukchansi Gold Casino & Resort*, 629 F.3d 1173, 1190 (10th Cir. 2010) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)) ("A request for jurisdictional discovery must be supported by more than a mere 'hunch that it might yield jurisdictionally relevant facts'"). The arguments in favor of further discovery proffered by Pathway are purely speculative and have no basis in the record or even in its own allegations.

It has become apparent that Pathway will likely never be satisfied with the discovery it receives from MidCap. It should not be forgotten that in July of 2018, the undersigned entered judgment against Pathway for $970,192.43. Dkt. No. 95. With interest, that judgment is likely nearing $1 million. During the original proceedings of this case, Pathway raised no questions regarding MidCap's citizenship, and did not raise any such questions on appeal. Instead, the Fifth

Circuit identified deficiencies in the pleading and proof of MidCap's citizenship. With a million dollar judgment against it, Pathway has a very strong incentive to find some evidence undermining the jurisdictional basis for the judgment. The Court has remained very patient as Pathway has searched—unsuccessfully—for some shred of evidence to suggest that MidCap is a citizen of either Nevada or California. It has now come down to a single, discreet issue: whether the Las Lomas Trust divested itself of any interest in MidCap Credit & Capital on August 1, 2014. Unhappy that the documents evidencing the transaction show unequivocally that it did so, Pathway now asks the Court to allow Pathway to expand the net of its fishing expedition exponentially. The Court will decline that request. Pathway's arguments in favor of expanding jurisdictional discovery are weak, and its likely true motivation is demonstrated by the fact it has yet to depose Jeff Black.

For the reasons stated above, the Court hereby **DENIES** Pathway's Motion to Expand Jurisdictional Discovery. Dkt. No. 126. Pathway's Unopposed Motion to Seal its Motion to Expand Jurisdictional Discovery, as it contains documents filed under the Protective Order, is **GRANTED**. Dkt. No. 127. The Court is prepared to make findings on the questions presented by the remand of this case from the Circuit. The parties are **ORDERED** to confer on the manner of the presentation of their evidence on this issue, and to file a joint advisory making a proposal on that question, **no later than December 20, 2019.**

SIGNED this 9th day of December, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE