IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MIDCAP MEDIA FINANCE, LLC      §
     §
V.      §         1:15-cv-0060 AWA
     §
PATHWAY DATA, INC., et al.      §

## ORDER

Before the Court are MidCap Media Finance, LLC's Second Motion for Attorneys' Fees (Dkt. No. 143), Pathway Data, Inc.'s Response (Dkt. No. 145), and MidCap's Reply (Dkt. No. 149). MidCap seeks attorneys' fees incurred in responding to Pathway's appeal of its successful breach of contract claim and in addressing the issue of diversity jurisdiction on the limited remand from the Fifth Circuit. Pathway opposes the motion.

## I. STANDARD OF REVIEW

Traditionally, under the American rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.LP. v. ASARCO LLC*, 135 S. Ct. 2158, 2161 (2015). Accordingly, "[a] district court may not award attorneys' fees 'unless a statute or contract provides' the basis for such an award." *Spear Mktg., Inc. v. BancorpSouth Bank*, 844 F.3d 464, 470 (5th Cir. 2016) (quoting *Baker Botts*, 135 S.Ct. at 2164). Federal Rule of Civil Procedure 54(d)(2) provides the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award. FED. R. CIV. P. 54(d)(2). *See White v. Reg'l Adjustment Bureau, Inc.*, No. 3:11-CV-1817-B, 2013 WL 12175083, at * 4 (N. D. Tex. June 16, 2013) (noting that party must identify a statute or rule to recover fees under Rule 54). However, Rule 54(d)(2) does not supply the substantive prerequisites for obtaining attorneys' fees and expenses; rather, those requirements are "governed by the same law [*e.g.*, federal or state] that serves

as the rule of decision for the substantive issues in the case." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "One basic substantive requirement is that the requested fees and expenses be recoverable in the first place." *Rodriguez v. Quicken Loans, Inc.*, 257 F. Supp. 3d 840, 844 (S.D. Tex. 2017). "Even when a party has satisfied Rule 54(d)(2)'s procedural requirements and the governing substantive law permits recovery, the decision whether to award attorney's fees and expenses remains subject to the district court's equitable discretion." *Id.*

## II.   ANALYSIS

MidCap's motion seeks attorneys' fees incurred in (1) Pathway's appeal of the judgment entered in MidCap's favor on its breach of contract claim; and (2) addressing the issue of diversity jurisdiction on the limited remand. Specifically, MidCap requests $81,065.50 in fees and $2,200.28 in expenses incurred in defending Pathway's appeal of the breach of contract judgment, and $87,130.40 in fees and $2,591.72 in related expenses incurred on remand.

### A.   Fees Incurred on Appeal of Breach Claim

MidCap's motion first seeks attorneys' fees incurred addressing Pathway's appeal of the Court's judgment finding that Pathway had breached its contract with MidCap. As MidCap notes, this Court previously denied MidCap's request for conditional appellate fees in its first motion for fees, finding that appellate fees were too speculative and that the request was premature. Dkt. No. 105 at 12. With the instant motion, MidCap now requests an award of $81,065.50 in fees and $2,200.28 in expenses that it has incurred on appeal, arguing that the request is no longer speculative. Dkt. No. 143 at 3. While the amount of the fees and expenses may now be more definite, the request is still premature, as the Circuit has yet to reach the merits of the appeal. Therefore, the Court denies the request for appellate fees and expenses without prejudice to MidCap

seeking them at the conclusion of the appeal, in the event it is entitled to do so. *Edwards v. Aaron Rents, Inc.*, 482 F.Supp.2d 803, 815 (W.D. Tex. 2006); *Borg-Warner Protective Serv. Corp. V. Flores*, 955 S.W.2d 861, 870 (Tex. App.—Corpus Christi-Edinburg 1997).

**B.    Attorney's Fees Incurred on Remand**

MidCap also seeks an award of fees incurred addressing the issue of diversity jurisdiction on the limited remand from the Fifth Circuit. MidCap asserts that it is entitled to recover fees under Chapter 38 of the Texas Civil Practice and Remedies Code, and under the terms of the parties' contract. TEX. CIV. PRAC. & REM. CODE § 38.0001(8); *see also* Dkt. No. 1-2 at 17 ("If either party commences any action at law or in equity to enforce its rights under the Agreement . . . such party shall be entitled to recover from the other party its legal expenses, including attorneys' fees, in addition to any other relief to which it is otherwise entitled."). The Court agrees.

**1.    Entitlement to Fees**

In its opposition, Pathway contends that MidCap is not entitled to any fees incurred on remand because MidCap was not the prevailing party at the Fifth Circuit on the issue of diversity jurisdiction. *See* Dkt. No. 145. That is not the correct focus, however, as the Circuit did not rule on that issue. Neither party was the prevailing party on that issue. Instead, after raising the issue *sua sponte* and seeking input from the parties, the Circuit found that there were insufficient facts in the record to decide the issue, and remanded the case for that factual determination. On remand, this Court confirmed that it had diversity jurisdiction, ruling in favor of MidCap, as detailed in the Findings of Fact entered on February 24, 2020. Dkt. No. 142. The work MidCap did responding to the Circuit's remand to establish the existence of diversity jurisdiction was part and parcel of

3

bringing the contract claim on which MidCap was undisputedly the prevailing party at trial.  It is therefore entitled to recover those fees.

Pathway also argues that fee shifting is inappropriate because it was MidCap's failure to properly plead its citizenship at the outset of the case that led to the remand.  As discussed in more detail below, the Court disagrees.

2.      **Reasonableness of Request**

MidCap requests $87,130.40 in attorneys' fees and $2,591.72 in expenses, incurred addressing the issue of diversity jurisdiction on the limited remand from the Fifth Circuit.  In support of its request, MidCap submits the declaration of lead attorney Richard Anigian, as well as invoices and contemporaneous time records for the work performed in this matter.  *See* Dkt. No. 143-1.

a.      **Lodestar Calculation**

The first step in the lodestar process is assessing whether a reasonable number of hours were expended on the litigation.  In general, "courts customarily require the [movant] to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours."  *Bode v. U.S.*, 919 F.2d 1044, 1047 (5th Cir. 1990).  The Court should look at the amount of hours MidCap claims to have reasonably expended in the litigation and whether, at the time the work was performed (and not in hindsight), a reasonable attorney would have spent the same amount of time.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d, 319, 324 (5th Cir. 1995).

Next, in order to determine the reasonable hourly rate for the movant's attorney, courts must consider the attorney's regular rate as well as the prevailing market rate, which is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and

reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).  Evidence of the reasonableness of a proposed hourly rate must include an affidavit of the attorney performing the work and information about rates actually billed and paid in similar lawsuits.  *Id.*  However, a court may use its own expertise and judgment to make an independent determination of the value of an attorney's services. *Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.*, 526 F.2d 865, 868 (5th Cir. 1976).  The court utilizes the same method for determining the reasonable hourly rate of a paralegal.  *Richardson v. Tex-Tube Co.*, 843 F.Supp.2d 699, 709 (S.D. Tex. 2012).

The Anigian declaration states that 135.1 hours of work were performed related to the diversity jurisdiction question on limited remand.  Dkt. No. 143-1 at ¶ 18.  This is supported by the attached invoices and time keeping records.  Dkt. No. 143-1 at 34-83.  Given the amount of discovery and motion practice MidCap was forced to respond to on remand, and the fact that it was put to an evidentiary hearing on the issue, this number of hours was reasonable.  With regard to the hourly rates, the Court has already concluded the requested rates (Anigian—$755/hour; Robertson—$325-$450/hour; McComas— $725-755/hour) are reasonable rates in Austin for similar services by lawyers of similar skill, experience, and reputation.  Dkt. No. 143 at 6-7; *see* Dkt. No. 105.  The Court also previously found that the requested $139/hour is reasonable for work performed by para-professionals.  *Id.*  Notably, Pathway does not raise any new objections to MidCap's proffered calculations.  Accordingly, the lodestar amount comes to $87,130.40.

### b.  *Johnson* Factors

There is a strong presumption that the lodestar amount is reasonable, and that it should be modified only in exceptional cases.  *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).  The Fifth Circuit has held that in deciding whether to adjust the lodestar amount, a court shall consider

twelve factors. *Johnson v. Georgia Hwy. Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974). The most critical factor in the analysis of the *Johnson* factors is the "degree of success obtained." *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998).[1] In addition, when analyzing the *Johnson* factors, some are often subsumed in the initial lodestar calculation, and courts therefore cannot consider facts that were already taken into account during the initial lodestar calculation when deciding whether to adjust the lodestar. *Id*. Here, the Court has carefully weighed the *Johnson* factors and finds that none of the factors require an adjustment to the lodestar.

       **c.    Other Factors**

      There are, however two additional factors that merit consideration. The first relates to the cause of the remand. Pathway has argued that MidCap should not be awarded any fees on remand, claiming that the remand was caused by MidCap's failure to properly plead the facts supporting its assertion of diversity jurisdiction. While the Court does not believe the pleading deficiency is sufficient to merit denying MidCap all of its fees on remand, the Court does believe that it warrants a reduction in the requested fees. As alluded to above, Pathway can itself be faulted for failing to recognize the deficiency and for not raising it before this Court. Indeed, Pathway never contested jurisdiction in any filing in this Court, and on appeal Pathway initially took the position that there was federal jurisdiction. It only changed that view after the Circuit raised questions regarding jurisdiction *sua sponte*. Clearly, had Pathway raised an objection to jurisdiction before the trial

---

[1] The twelve factors are (1) Time and Labor Involved; (2) The Novelty and Difficulty of the Questions; (3) The Skill Requisite to Perform the Legal Services Properly; (4) The Preclusion of Other Employment by the Attorney Due to This Case; (5) The Customary Fee; (6) Whether the Fee is Fixed or Contingent; (7) Time Limitations; (8) The Amount Involved and the Result Obtained; (9) The Experience, Reputation, and Ability of Counsel; (10) The Undesirability of the Case; (11) The Nature and Length of the Professional Relationship with the Client; and (12) Awards in Similar Cases.

court, the issue would have been resolved well before judgment and there would have been no reason for a remand. And any legal work that might have been done at that time would have been part of the fees the Court would have awarded MidCap as the prevailing party on the contract claim. Having said all of this, as the party invoking the Court's jurisdiction, the burden was on MidCap to plead and prove the facts necessary to that claim. Its failure to be precise in that pleading was plainly a part of the cause for the remand. Accordingly, the Court believes that a twenty percent adjustment downward in the fee request is proper in light of this failure, which results in a fee award of $69,704.32.

The second relevant additional consideration is not one that requires an adjustment of the award, but rather is an additional justification for the award. Shortly after remand, the Court held several status conferences, first to address how the parties wished to proceed on the jurisdictional issue, and then to determine how much discovery Pathway should be permitted on MidCap's citizenship. As those conferences progressed, it began to appear to the Court that Pathway was intending to go to great lengths to find a reason to argue that there was no federal jurisdiction. It had a significant incentive to do so, as MidCap had a $1 million judgment against it. While the Court noted that Pathway no doubt had the right to conduct reasonable discovery, it appeared that Pathway was trying to "create error" as opposed to discover facts. In a number of subsequent orders, the Court laid out in some detail how MidCap's discovery requests were not reasonably cabined, and how it sought to "turn over every possible stone" in an attempt to render the judgment a nullity. *See generally* Dkt. Nos. 125, 130, 142. This conduct prolonged the remand and substantially increased the costs. These facts also support awarding the fees imposed here.

C.      **Expenses and Costs**

Finally, MidCap requests the reasonable costs and expenses incurred in relation to the remand and the appeal.  A claim for attorneys' fees may include related expenses that are not taxable as costs so long as those expenses are recoverable under the governing law.  FED. R. CIV. P. 54(d)(2)(A).  The agreement between MidCap and Pathway provides that MidCap is entitled to recover its legal expenses.  Under their agreement, "[i]f either party commences any action at law or in equity to enforce its rights under the Agreement . . . such party shall be entitled to recover from the other party its legal expenses, including attorneys' fees, in addition to any other relief to which it is otherwise entitled."  Dkt. No. 1-2 at 17.  MidCap requests $4,792.00 in expenses for both the appeal of the breach claim and the work on remand.  Dkt. No. 143 at 9. As discussed above, the Court finds that requests related to the pending appeal are premature.  The recoverable expenses will thus be limited to those incurred on remand.  According to the Anigian declaration, $2,591.72 of MidCap's requested expenses were incurred in relation to the limited remand.  Dkt. No. 143-1 at ¶ 23.  The Court will therefore award MidCap $2,591.72 for its expenses incurred on remand.

Regarding costs, it is presumed that a prevailing party is entitled to an award of costs.  *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377; *U.S. v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 128 (5th Cir. 2015).  Under Rule 54(d)(1), a prevailing party should be awarded its costs unless a statute, the Rules, or a court order provides otherwise.  The Court awards MidCap its taxable court costs related to the issue of remand, and directs it to file a bill of costs with the clerk.

## III.   CONCLUSION

Based on the preceding discussion, MidCap's Second Motion for Attorneys' Fees (Dkt. No. 163) is **GRANTED IN PART AND DENIED IN PART**. The Court **GRANTS** MidCap $69,704.32

in attorneys' fees and $2,591.72 in expenses incurred on remand, for a total of $72,296.04.  The Court **FURTHER GRANTS** MidCap its taxable costs incurred on remand, and directs MidCap to file a bill of costs with the clerk.  MidCap's request for appellate fees and expenses is **DENIED** as premature.

As noted in the Court's order of April 27, 2020 (Dkt. No. 153), the parties' deadline to appeal the Court's Amended Findings of Fact and Order dated February 24, 2020, or the Court's instant order, is 30 days from date of this order (June 10, 2020).

SIGNED this 11th day of May, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE