UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| MIDCAP MEDIA FINANCE, LLC,<br>    *Plaintiff*<br><br>v.<br><br>PATHWAY DATA, INC., D/B/A<br>CONSUMER DIRECT and DAVID<br>COULTER,<br>    *Defendants*<br><br>v.<br><br>MIDCAP MEDIA FINANCE, LLC,<br>WILLIAM JEFF BLACK, and<br>ROBERT HANINGTON,<br>    *Counter and Cross Defendants* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>Case No. 1:15-cv-00060-SH |

## **ORDER**

Before the Court are Plaintiff's Third Motion for Attorneys' Fees, filed June 8, 2021 (Dkt. 166); Pathway Data, Inc.'s and David Coulter's Response to MidCap's Third Motion for Attorneys' Fees, filed June 29, 2021 (Dkt. 168); and Plaintiff's Reply, filed July 8, 2021 (Dkt. 169). The parties consented to trial before a United States Magistrate Judge, and the case was reassigned to the undersigned on June 9, 2021.

## **I.   Background**

In this breach of contract case, Defendant Pathway Data, Inc. d/b/a Consumer Direct ("Pathway") appealed this Court's award of attorneys' fees on remand to Plaintiff MidCap Media Finance, LLC ("MidCap"). The United States Court of Appeals for the Fifth Circuit affirmed the award. *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, No. 20-50259, 2021 WL 1561379 (5th Cir. Apr. 20, 2021); Dkt. 163 at 4. Pathway also appealed the (1) merits judgment, (2) award of attorneys' fees for litigation on the merits, and (3) order on remand regarding jurisdiction, while MidCap cross-appealed the merits judgment. *Id.* The Fifth Circuit found that it had jurisdiction to

1

review only the remand litigation attorney's fee award and that the remainder of the appeal was untimely. *Id.*

MidCap now seeks an award of $197,788.73 in appellate fees and expenses. Pathway does not oppose an award of fees for the appeal, but contends that the hourly rates MidCap seeks for its attorney timekeepers "are excessive and not reasonable for work on this uncomplicated breach of contract case." Dkt. 168 at 1. Pathway "respectfully requests that MidCap's fee request be granted only to the extent of reasonable rates prevailing in Austin for similar work." *Id.* at 6.

## II. Legal Standards

Prevailing parties are entitled to fees for both trial and appellate work. *Norris v. Hartmarx Specialty Stores, Inc.,* 913 F.2d 253, 257 (5th Cir. 1990). Under Texas law, when a prevailing party in a breach of contract suit seeks attorneys' fees, an award of reasonable fees is mandatory. *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing TEX. CIV. PRAC. & REM. CODE § 38.001(8)). The Fifth Circuit has recognized that attorneys' fees for breach of contract include fees incurred in defending an unsuccessful appeal. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003) (citing *Gunter v. Bailey*, 808 S.W.2d 163, 166 (Tex. App.—El Paso 1991, no writ)). Courts assess the reasonableness of fees at the appellate level under the same framework used to assess trial fees. *Morrow v. Dillard,* 580 F.2d 1284, 1300 (5th Cir. 1978).

Courts use the "lodestar method" to calculate an appropriate fee award. The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work. There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010). After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717 (5th Cir.

1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[1] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment.

### III.   Analysis

The Court considers in turn MidCap's requests for attorneys' fees and expenses.

**A. Attorneys' Fees**

MidCap submitted a declaration from its counsel Richard D. Anigian of Haynes & Boone LLP (the "Anigian Declaration") identifying the experience, hourly rate, and time billed by each legal professional working on the appeal. Dkt. 166-1.

**1. Hourly Rates**

MidCap seeks the following hourly rates for attorneys and staff, all of whom are employed by Haynes & Boone:

- Anigian: $755. Anigian, a partner, was admitted to the Texas bar in 1985; his practice consists of complex commercial disputes including lending transactions.

- Partner Debra J. McComas: $755. McComas graduated from law school in 1995 and has 25 years of experience handling complex commercial disputes on appeal.

- Taylor Rex Robertson: $495. Robertson graduated from law school in 2014 and served as lead associate on this case. His practice includes business and other types of litigation. His current billing rate is $675/hour, but was discounted for his continued work on this litigation.

- Associate Angela Oliver: $530. Oliver graduated from law school in 2016, and her practice focuses on appellate matters. Oliver's current rate is $630/hour, but was discounted for this litigation.

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

- Legal assistant Denise Stilz: $139. Stilz has worked as a legal assistant for 25 years and assisted with numerous appeals.

Dkt. 166-1 at 1-2, 10-12.

The Court entered two previous orders awarding MidCap attorney fees at trial and on remand. Dkts. 105, 160. In both orders, the Court found that the hourly billing rates of $755 for Anigian, $725-$755 for McComas, and $325-$450 for Robertson are reasonable in Austin for services by lawyers of similar skill, experience, and reputation, and that Stilz's requested rate of $139/hour for paraprofessional work also is reasonable. Dkt. 105 at 4; Dkt. 160 at 5. MidCap's appellate fee request is based on the same rates for Anigian, McComas, and Stilz. Under the law of the case doctrine, courts generally refuse to reopen what has been decided previously. *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) (citing *Messinger v. Anderson*, 225 U.S. 436, 443 (1912)). The Court again finds the hourly rates for Anigian, McComas, and Stilz to be reasonable and appropriate.

The hourly rate MidCap seeks for Robertson has increased from $450 to $495 based on his additional experience. Dkt. 166-1 at 11. The Anigian Declaration states that $495/hour is within the market rates for mid-level associates in Austin. *Id.* at 12-13. To support Oliver's hourly rate of $530, MidCap also relies on the Anigian Declaration, which addresses current rates charged by similar firms in the Austin area and includes information from Thomson Reuter's Peer Monitor review of AmLaw 100 firms and firms with at least 200 lawyers in Texas and 500 firmwide. Dkt. 166-1 at 12. Anigian avers: "According to Peer Monitor, the normal and customary rates for a 5th year associate at AmLaw 100 firms practicing litigation in Austin and San Antonio, Texas in the 50th percentile is $560.00 per hour and in the bottom 25th percentile is $380.00 per hour." *Id.*

Pathway responds that the highest reasonable hourly rate for associate work in Austin is $375 and that MidCap's fee request should be discounted accordingly. Dkt. 168-1 ¶ 9. Pathway relies on

the State Bar of Texas 2015 Hourly Rate Fact Sheet as showing a median hourly rate for associate attorneys between $200 and $250. Dkt. 168 at 5. Although Pathway does not cite a specific page of the Fact Sheet, an entry for the Austin-Round Rock MSA is highlighted in a chart displaying 2015 median hourly rates by geographic region and firm size. Dkt. 168-1 at 22. That entry actually displays median hourly rates from $268 for solo practitioners to $459 for firms with more than 400 attorneys and so does not appear to support Pathway's argument. *Id.*

Oliver and Robertson's requested hourly rates of $530 and $495, respectively, fall within the range reported for associates of similar skill, experience, and reputation in the Austin area. Dkt. 166-1 at 12. Oliver and Robertson's current hourly rates also are significantly higher than the rates MidCap seeks in its fee request. *See City of San Antonio v. Hotels.com, L.P.*, No. 5:06-CV-381-OLG, 2017 WL 1382553 at *11 (W.D. Tex. Apr. 17, 2017) (stating that what an attorney charges his or her clients is perhaps the best evidence of their market rate (citing *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000)). After carefully reviewing the declaration, evidence, and previous fee awards in this case, the Court finds that the hourly rates charged by Oliver and Robertson are reasonable and appropriate.

## 2. Time Expended

Although Pathway does not object to the hours claimed by MidCap's attorneys and paraprofessionals relating to the appeal, the Court has carefully reviewed the time records to determine whether the hours expended on the appeal are reasonable. MidCap seeks recovery for 302.2 hours billed by attorneys and paraprofessionals, as summarized below. Dkt. 166-1 at 6.[2]

- McComas took the lead role in researching and writing the appellate briefing and participated in oral argument to the Fifth Circuit. She spent 217.5 hours on the appeal, for a total of $164,212.50 for her work.

---

[2] MidCap does not seek fees for attorney or staff time associated with MidCap's cross-appeal for its unsuccessful breach of guaranty claim against Coulter. Dkt. 166-1 at 4, 6.

- Anigian's work included client communications, strategy discussions, and reviewing the appellate briefing. He also participated in the oral argument before the Fifth Circuit. Anigian expended 45.2 hours on the appeal for a total of $34,126. for his work.

- Robertson expended 7 hours on legal research and analysis on the appeal, for a fee of $3,465 for his work.

- Oliver worked 4.9 hours analyzing the appellate briefing, totaling $2,597 for her work.

- Stilz spent 27.6 hours on the appeal, including docket management, briefing assistance, submission of Fifth Circuit forms and filings, and communications with the Court, for a total fee of $3,836.40.

The Court finds that the time expended by McComas, Anigian, Robertson, Oliver, and Stilz is reasonable for the work involved on the appeal, as is the fee award sought for the work by each timekeeper.

### 3. Lodestar Calculation

Multiplying the number of hours spent on the case by the hourly rates for attorneys and staff, the Court determines the lodestar amount to be $208,236.90. The Court finds that the base lodestar amount adequately takes into consideration the *Johnson* factors and that no adjustment based on those factors is needed. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

Haynes & Boone voluntarily reduced the amounts charged for certain work and provided MidCap a 10% discount on its fees. Dkt. 166-1 at 5, 78. MidCap thus seeks an appellate fee award of $187,413.21, which is below the lodestar amount. The Court finds an award of $187,413.21 for reasonable and necessary attorneys' fees to be appropriate.

### B. Reasonable Expenses

A claim for attorney's fees may include related expenses that are not taxable as costs so long as those expenses are recoverable under governing law. FED. R. CIV. P. 54(d)(2)(A). As the Court noted in a previous fee order, the agreement between MidCap and Pathway also states that MidCap is entitled to recover its legal expenses. Dkt. 105 at 11. MidCap incurred $10,375.52 in legal

6

research and printing costs on appeal. Dkt. 166 at 7; Dkt. 166-1 at 8. Pathway does not challenge these expenses. Dkt. 168 at 6. The Court finds that MidCap's expenses are reasonable and should be awarded.

## IV.    Conclusion

**IT IS ORDERED** that, in addition to all amounts previously awarded to MidCap in this case, Pathway shall pay MidCap, by and through its counsel, reasonable attorneys' fees in the amount of $187,413.21 and $10,375.52 in expenses incurred in the appeal.

**SIGNED** on September 20, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE